# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 04-20059-CR-JORDAN (1) |
| ORLANDO ARTILES | USM Number: 63496-004 |
| | Counsel For Defendant: Stephen Golembe, Esq. |
| | Counsel For The United States: Joan Silverstein, AUSA |
| | Court Reporter: Francine Salopek |

**Date of Original Judgment:** 12/10/04
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☒ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court  ☐ 28 U.S.C. § 2255 or 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

The defendant pleaded guilty to Count(s) 1, 2 & 23 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C., Section 371 and 18 U.S.C., Section 1956(h) | Conspiracy to commit offenses against the United States, conspiracy to tamper with a witness and Conspiracy to commit money laundering | April 2002 and May 2002 | 1, 2 and 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
Remaining counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
10/28/08

_____
ADALBERTO JORDAN
United States District Judge

October __29__, 2008

DEFENDANT: ORLANDO ARTILES
CASE NUMBER: 04-20059-CR-JORDAN (2)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **48 months as to counts 1, 2 and 23, all to run concurrently with each other.**

The Court makes the following recommendations to the Bureau of Prisons:

> The Court recommends that the defendant be designated to an institution in South Florida or the State of Florida, and if eligible that he participate in the drug/alcohol treatment program.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: OLANDO ARTILES
CASE NUMBER: 04-20059-CR-JORDAN (2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to counts 1, 2, and 23, all to run concurrently with each other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:04-cr-20059-JAL   Document 1046   Entered on FLSD Docket 10/29/2008   Page 4 of 10
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 4 of 10

DEFENDANT: ORLANDO ARTILES
CASE NUMBER: 04-20059-CR-JORDAN (2)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall not apply for, solicit, or incur, any further debt over $1,000.00, included but not limited to, loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the U.S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any manner, in any related medicaid/medicare related concern during the period of supervision.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: ORLANDO ARTILES
CASE NUMBER: 04-20059-CR-JORDAN (2)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 | $ | $4,957,269.22 |

It is further ordered that the defendant shall pay restitution in the amount of $4,957,289.22. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay.

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| The Center for Medicare/Medicaid Services Att: Division of Accounting P.O. Box 7520 Baltimore, MD  21207 | $2,604,419.22 | $2,604,419.22 | |
| Allstate 14050 N.W. 14th Street #180 Sunrise, FL  33323 | $296,824.64 | $296,824,64 | |
| American Bankers Insurance Co. 11222 Quail Roost Drive Miami, FL  33157 | $119,400.48 | $119,400.48 | |
| American Skyhawk Insurance Co. 560 N.W. 165 Road Miami, FL  33169 | $122,403.26 | $122,403.26 | |
| American Surety & Casualty P.O. Box 550800 Jacksonville, FL  32255 | $6,800.00 | $6,800.00 | |

| | | |
|---|---|---|
| Aries Insurance Co.<br>560 N.W. 165 Road<br>Miami, FL 33169 | $88,841.12 | $88,841.12 |
| Avis<br>560 N.W. 165 Street Road<br>Miami, FL 33169 | $9,735.90 | $9,735.90 |
| CNA Underwritten by<br>Continental Assurarnce Co.<br>CNA Plaza<br>Chicago, Illinois 60685 | $438.09 | $438.09 |
| Cunningham & Lindsey<br>10500 Coursey Blvd. #304<br>Baton Rouge, LA 70816 | $7,193.72 | $7,193.72 |
| American Colonial Insurance<br>4161 NW 5th Street<br>Plantation, FL 33317 | $22,100.00 | $22,100.00 |
| Delta Casualty, Co.<br>222 Merchandise Mart Plaza,<br>#1450<br>Chicago, IL 60654 | $39,253.59 | $39,253.59 |
| Eagle Insurance Co.<br>P. O. Box 491150<br>Ft. Lauderdale, FL 33349 | $60, 128.71 | $60,128.71 |
| Elco Administrative Services<br>P. O. Box 100127<br>Ft. Lauderdale, FL 33349 | $3,825.00 | $3,825.00 |
| Explorer Insurance Co.<br>P. O. Box 953939<br>Lake Mary, FL 32795 | $14,309.27 | $14,309.27 |
| FCCI Insurance Co.<br>P.O. Box 25248<br>Sarasota, FL 34277 | $181.90 | $181.90 |
| First Floridian Auto & Home<br>Insurance Co.<br>P.O. Box 330180<br>Tampa, FL 33630 | $6,844.70 | $6,844.70 |
| Dodson Group<br>1680 N.E. 135 Street<br>North Miami, FL 33181 | $85,835.35 | $85,835.35 |
| Florida Automobile Joint<br>Underwriting Association<br>P. O. Box 562787<br>Rockledge, FL 32956 | $18,828.1 | $18,828.19 |

Case 1:04-cr-20059-JAL   Document 1046   Entered on FLSD Docket 10/29/2008   Page 7 of 10
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 7 of 10

| | | |
|---|---|---|
| Florida Insurance Guaranty Assoc.<br>P.O. Box 10366<br>Jacksonville, FL  32247 | $18,796.22 | $18,796.22 |
| Fortune Insurance C.<br>P.O.Box 10729<br>Jacksonville, FL | $140,770.80 | $140,770.80 |
| Federated National Insurance Co.<br>4161 N.W. 5th Street<br>Plantation, FL 33317 | $52,402.84 | $52,402.84 |
| Geico<br>One Geico Plaza<br>Washington, DC | $145,461.86 | $145,461.86 |
| GMAC<br>P.O.Box<br>St. Louis, MO  66937 | $3,822.28 | $3,822.28 |
| Go America Auto Insurance<br>1100 Arlington Heights Road #300<br>Itasca, IL  60443 | $37,043.43 | $37,043.43 |
| Granada Insurance Co.<br>4075 S.W. 83rd Avenue<br>Miami, FL 33155 | $23,409.16 | $23,409.16 |
| Harbor Specialty Insurance Co.<br>P.O. Box 958425<br>Lake Mary, FL   32795 | $25,369.17 | $25,369.17 |
| Hertz Claim Management<br>One S.W. 129 Avenue Suite 300<br>Pembroke Pines, FL  33027 | $13,370.84 | $13,370.84 |
| LE Capitol<br>625, Rue Saint-Amable<br>Quebec, Canada | $850.00 | $850.00 |
| Mapfre Insurance Group<br>P.O.Box 520974<br>Miami, FL   33152 | $10,625.00 | $10,625.00 |

Case 1:04-cr-20059-JAL Document 1046 Entered on FLSD Docket 10/29/2008 Page 8 of 10
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 8 of 10

| | | |
|---|---|---|
| Material Damage Adjustment Corp. Of Florida<br>7640 Southgate Blvd., Suite 4<br>N. Lauderdale, FL 33068 | $10,767.80 | $10,767.80 |
| MGA Insurance Co. Inc..<br>730 N.W. 107th Avenue<br>Miami, FL 33172 | $22,987.63 | $22,987.63 |
| Ocean Harbor Casualty Insurance Co.<br>4300 N. University Dr., Suite E100<br>Lauderhill, FL 33351 | $68,568.61 | $68,568.61 |
| Omni Indemnity co.<br>P. O. Box 105019<br>Atlanta, GA 30348 | $17,606.56 | $17,606.56 |
| Otrion Auto<br>P. O. Box 5930<br>Madison, WI | $10,101.32 | $10,101.32 |
| Progressive Express Insurance Co.<br>P. O. Box 5527<br>Ft. Lauderdale, FL | $99,589.96 | $99,589.96 |
| Reliance<br>6100 Hollywood Blvd. #312<br>Hollywood, FL 33024 | $35,315.00 | $35,315.00 |
| Security National Insurance Co.<br>5701 Sterling Road<br>Davie, FL 33114 | $66,461.94 | $66,461.94 |
| Sentry Claims Service<br>Route 2<br>Concord, MA 01742 | $17,633,08 | $17,633.08 |
| Southern Casualty Group<br>2900 N.W. 109th Avenue<br>Miami, FL 33172 | $7,018.41 | $7,018.41 |
| Star Casualty Insurance Co.<br>P.O. Box 45-1037<br>Miami, FL 33245 | $4,675.00 | $4,675.00 |
| State Farm<br>P.O. Box 9608<br>Winter Haven, FL 33883 | $236.546.18 | $236,546.18 |

Case 1:04-cr-20059-JAL   Document 1046   Entered on FLSD Docket 10/29/2008   Page 9 of 10
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 9 of 10

| | | |
|---|---|---|
| Union American Insurance Co.<br>2500 N.W. 79th Avenue<br>Miami, FL  33122 | $49,614.19 | $49,614.19 |
| State National Specialty Insurance Co.<br>4161 N.W. 5th Street<br>Plantation, FL  33317 | $18,430.94 | $18,430.94 |
| The Travelers Indemnity Co.<br>P.O. Box 30180<br>Tampa, FL  33630 | $6,873.37 | $6,873.37 |
| The Yasuda Fire & Marine Insurance Co.<br>225 Liberty Street<br>New York City,, NY    10281 | $3,819.90 | $3,,819.90 |
| US Security Insurance Co.<br>3915 Biscayne Blvd.<br>Miami, FL  33137 | $8,519.47 | $8,519.47 |
| Underwriters Guarantee Insurance Co.<br>8420 NW 52nd Street, Suite 201<br>Miami, FL  33152 | $77,229.30 | $77,229.38 |
| United Automobile Insurance Co.<br>3909 N.W. 163 Street<br>Miami, FL | $8,496.00 | $8,496.00 |
| Windsor Group<br>P.O. Box 105091<br>Atlanta, GA    30348 | $16,594.80 | $16,594.80 |
| Urban Insurance Co. Of Pennsylvania<br>P.. Box 491150<br>Ft. Lauderdale, FL  33349 | $191,133.53 | $191,133.53 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ORLANDO ARTILES
CASE NUMBER: 04-20059-CR-JORDAN (2)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$300.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

04-20059-CR-JORDAN

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

The preliminary order of forfeiture is hereby made part of this judgment.